Michael Kind, Esq.
Nevada Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
mkind@kazlg.com
*Attorneys for Plaintiff Melissa Sandberg*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Melissa Sandberg, <br><br> Plaintiff, <br> v. <br><br> FMMR Investments Inc., d/b/a Rapid Cash; and Kravitz, Schnitzer & Johnson, Chtd., <br><br> Defendants. | Case No.: 2:17-cv-01840 <br><br> **Complaint For Damages Under the Fair Debt Collection Practices Act, 15 U.S.C. § § 1692 et seq.** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Melissa Sandberg ("Sandberg" or "Plaintiff"), through counsel, brings this suit to challenge the actions of FMMR Investments, Inc. d/b/a Rapid Cash ("Rapid Cash") and Kravitz, Schnitzer & Johnson, Chtd. ("KSJ" and together with Rapid Cash as the "Defendants") with regard to their attempts to unlawfully and abusively collect a debt alleged owed by Sandberg, causing Sandberg harm.

3. Sandberg makes these allegations on information and belief, with the exception of those allegations that pertain to Sandberg, or to Sandberg's counsel, which Sandberg alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

**THE PARTIES**

8. Sandberg is a natural person who resides in the State of Nevada, County of Clark, City of Las Vegas.

9. Sandberg is a natural person allegedly obligated to pay a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

10. Rapid Cash is a domestic corporation organized and existing by virtue of the laws of the State of Nevada and registered with the Nevada Secretary of State. Rapid Cash conducts business in the State of Nevada, County of Clark, City of Las Vegas.

11. Upon information and belief, Rapid Cash's website is http://www.speedycash.com.

12. Rapid Cash is in the business of lending consumers high interest loans—438.796% APR in this case.

13. KSJ is a domestic professional corporation organized and existing by virtue of the laws of the State of Nevada and registered with the Nevada Secretary of State. KSJ conducts business in the State of Nevada, County of Clark, City of Las Vegas.

14. Upon information and belief, KSJ's website is http://www.ksjattorneys.com.

15. KSJ conducts collection efforts on behalf of Rapid Cash, including by filing debt collection lawsuits and collecting payments on behalf of Rapid Cash.

16. Defendants are persons who use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**JURISDICTION AND VENUE**

17. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

18. This action arises out of Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

19. Rapid Cash is subject to personal jurisdiction in Nevada, as it conducts business in Nevada and is listed with the Nevada Secretary of State as a domestic corporation.

20. KSJ is subject to personal jurisdiction in Nevada, as it conducts business in Nevada and is listed with the Nevada Secretary of State as a domestic professional corporation.

21. Venue is proper pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to this complaint occurred in Nevada.

22. At all times relevant, Defendants conducted business within the State of Nevada.

**FACTUAL ALLEGATIONS**

23. On or about July 3, 2016, Rapid Cash offered Sandberg a three separate high-interest loans (the "Loans").

24. The Loans were "high interest loan[s]" as defined by NRS 604A.0703 because they bore an annual percentage rate of more than 40 percent.

25. Sandberg and Rapid Cash entered into three separate loan agreements (the "Loan Agreement" or "Loan Agreements") in or about July 2016.

26. Under one of the Loan Agreements, Rapid Cash loaned $5,000 to Sandberg.

27. Under the Loan Agreement for the $5,000 loan, Sandberg was required to make payments of $2,633.98 per month.

28. Under a second Loan Agreement, Rapid Cash loaned $2,500 to Sandberg.

29. Under the Loan Agreement for the $2,500 loan, Sandberg was required to make payments of $1371.32 per month.

30. Under a third Loan Agreement, Rapid Cash loaned $2,000 to Sandberg.

31. Under the Loan Agreement for the $2,000 loan, Sandberg was required to make payments of $1087.96 per month.

32. Thus, from July through September 2016, Plaintiff was allegedly obligated to pay Rapid Cash $5,093.26 per month.

33. NRS 604A.425(1)(b) dictates that the monthly payment of a high-interest loan may not exceed 25 percent of the borrower's monthly income.

34. Sandberg's income during the relevant period, however, was only approximately $7,000 gross per month.

35. Still, Rapid Cash illegally sought monthly payments of $5,093.26 from Plaintiff.

36. Payments of $5,093.26 clearly exceeds 25 percent of Sandberg's monthly income and Rapid Cash thus violated NRS 604A.

37. Defendant's knew that the amount that Rapid Cash sought from Plaintiff violated the law because they knew that payments of $5,093.26 would exceed 25 percent of Sandberg's monthly gross income.

38. Sandberg allegedly fell behind in payments under one of the Loan Agreements, and defaulted on the Debt.

39. Soon thereafter, Rapid Cash and KSJ filed a complaint against Sandberg in Justice Court, Las Vegas Township, bearing case number 17C007951, in an attempt to collect a debt under the Loan Agreements.

40. NRS 604A.900 provides a loan agreement "<u>is void and the licensee is not entitled to collect</u>, receive or retain any principal, interest or other charges or fees with respect to the loan" if the licensee willfully violates the provisions of NRS Chapter 604A.

41. Rapid Cash willfully violated NRS 604A.425 by providing loans to Sandberg that exceeded the maximum amount allowable by law because Defendants knew that the monthly payments exceeded Plaintiff's monthly income.

42. Since Defendants willfully violated NRS 604A.425, the Loan Agreements were void and neither Rapid Cash nor KSJ was authorized to collect any monies due under the Loan Agreement or to file the collection lawsuit against Plaintiff.

43. Because the Loan Agreements are void, Defendants violated the Fair Debt Collection Practices Act (the "FDCPA") by falsely representing the legal

COMPLAINT 5

status of the debt associated with the Loan Agreement, and by attempting to collect a debt that Defendants were not entitled to collect.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF NRS 604A

44. Sandberg repeats, re-alleges, and incorporates by reference all above paragraphs.

45. Rapid Cash caused damages to Sandberg by providing Sandberg high-interest loans that exceeded 25 percent of her income.

46. NRS 604A.930 provides a private right of action for a violation of NRS 604A.425.

47. The Loan Agreements fall under NRS 604A.425 because it is a high-interest loan.

48. The Loan Agreements are a violation of NRS 604A.425(1)(b) because the loan amounts exceeded 25 percent of Sandberg's monthly income.

49. Sandberg has suffered actual and consequential damages due to Rapid Cash's conduct.

50. As a result of Rapid Cash's violation of NRS 604A, Sandberg is entitled to recover actual damages, punitive damages and attorneys fees and costs pursuant to NRS 604A.930.

51. Further, as a result of Rapid Cash's willful violation of NRS 604A, Sandberg is entitled to declaratory relief that the loan is void pursuant to NRS 604A. 900.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 ET SEQ.

52. Sandberg repeats, re-alleges, and incorporates by reference all above paragraphs.

53. Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants made false representations as to the legal status of the Debt.

54. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants attempted to collect a debt for an amount they were not entitled to.

55. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

56. Sandberg is entitled to damages as a result of Defendants' violations.

57. Sandberg suffered fear, stress, and anxiety because of Defendants' actions and has been required to retain the undersigned as counsel to protect her legal rights to prosecute this cause of action, and is therefore entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

Sandberg respectfully requests that this Court grant her the following relief against Defendants:
- Actual and consequential damages in an amount to be determined at trial under NRS 604A.930(1)(a);
- Punitive damages pursuant to NRS 604A.930(1)(b) and NRS 42.005;
- Reasonable attorneys' fees and costs pursuant to NRS 604A. 930(1)(c);
- Declaratory judgment that the Loan Agreements are void, pursuant to NRS 604A.900;
- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

58. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Sandberg is entitled to, and demands, a trial by jury.

DATED this 5th day of July 2017.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/   Michael Kind
Michael Kind, Esq.
7854 W. Sahara Avenue
Las Vegas, NV 89117
*Attorneys for Plaintiff Melissa Sandberg*